IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN WILLIAM BAFFORD,

                Plaintiff,

                                                CIVIL ACTION
      vs.                                      No. 07-3231-SAC

K. ROHLING, et al.,

                Defendants.

### ORDER

This matter is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in the Larned Correctional Mental Health Facility (LCMHF) in Larned, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff

---

[1] See Bafford v. Nelson, D.Kan. Case No. 01-3224-GTV (remainder of $150.00 district court filing fee); Bafford v. Simmons, D.Kan. Case No. 02-3253-GTV ($150.00 district court filing fee); Bafford v. Simmons, 10th Cir. Appeal No. 04-3136 ($255.00 appellate filing fee); Bafford v. Pokorski, D.Kan. Case No. 07-3230-SAC ($350.00 district court filing fee).

leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff claims the issuance of Behavior Reports by LCMHF staff constitutes impermissible disciplinary punishment without procedural protections such as notice of the behavioral infraction, a fair hearing and opportunity to defend himself, and a written disposition subject to further administrative review.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

It is well established that prisoners must be accorded minimal due process in disciplinary actions involving the deprivation of a protected liberty interest. Wolff v. McDonnell, 418 U.S. 539 (1974)(limited procedural protections include notice of the charges, an opportunity to call witnesses and present a defense, and a written statement of the reasons for the factfinder's decision). However, the Supreme Court later clarified that due process claims related to prison discipline must be evaluated according to the nature of the deprivation imposed as sanction, and not according to

whether the language in state regulations created a protected interest in a particular procedure. Sandin v. Conner, 515 U.S. 472 (1995). Significantly, the Due Process Clause applies only if the restraints at issue exceed the prisoner's sentence "in such an unexpected manner as to give rise to protection by the Due Process Clause of [their] own force" and do not violate any other constitutional provision. Id. at 484.

In the present case, the documentation provided by plaintiff clearly states that Behavior Reports are not to impact of offender's custody or good time, and are not to be considered class I, II, or III disciplinary offenses. Nonetheless, plaintiff complains of three specific Behavior Reports which subjected him to two extra hours of work and two instances of the loss of two hours of yard time. These allegations are wholly insufficient to establish any atypical or substantial deprivation giving rise to a liberty interest protected by the Due Process Clause, and fail to support plaintiff's broad claim that Behavior Reports function as illegal discipline.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief under 42 U.S.C. § 1983 because plaintiff's allegations state no viable claim of constitutional deprivation.[2]  See 28 U.S.C. §

---

[2]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 4th day of October 2007 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge